IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**THOMAS JOSEPH CUTAIA,**

    Plaintiff,

vs.                                    Case No. 4:08cv329-MP/WCS

**SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,**

    Defendants.

                                  /


## REPORT AND RECOMMENDATION

After this case was transferred here from the Middle District of Florida, doc. 5, Plaintiff was ordered to submit an amended civil rights complaint. Doc. 8. Plaintiff's response advised he was not attempting to litigate a civil rights action under § 1983, but a personal injury case for slander and defamation. Doc. 9. Another order was entered advising Plaintiff of the jurisdictional limitations of this Court and giving Plaintiff until September 12, 2008, to either submit an amended complaint or file a notice of voluntary dismissal. Doc. 10. Plaintiff was reminded of the assessed $34.79 initial partial filing fee, *id.*, and doc. 12, and Plaintiff paid the fee on October 6, 2008. Doc. 16.

On October 28, 2008, Plaintiff filed his amended complaint, doc. 17, and a supporting memorandum, doc. 18.  Plaintiff's amended complaint, doc. 17, has been reviewed.

Plaintiff seeks to bring claims for slander, defamation, invasion of privacy by false light, and conspiracy to injure Plaintiff's person or reputation under the court's diversity jurisdiction.  Doc. 17, p. 1. Diversity jurisdiction is properly invoked in cases where there is complete diversity of citizenship between all plaintiffs and all defendants.  28 U.S.C. § 1332(a)(1); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), overruled on other grounds, 43 U.S. (2 How.) 497, 11 L.Ed. 353 (1844); Vermeulen v. Renault, U.S.A., Inc., 985 F.2d 1534, 1542 (11th Cir. 1993); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1557 (11th Cir. 1989).  Every plaintiff must be diverse from every defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998), *citing* Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1355 (11th Cir. 1996). "Thus the presence of at least one resident of a particular state on both sides of the litigation destroys diversity jurisdiction."  Olsen v. Lane, No.93-826-CIV-T-17A, 1994 WL 151046 (M.D.Fla. Apr. 11, 1994).

Plaintiff resides in Florida.  Doc. 17, p. 1.  Plaintiff alleges that Defendants "reside in multiple states, *FL*., GA., MA."  *Id.* (emphasis added).  Plaintiff's amended complaint fails to provide an address for any Defendant.  Plaintiff complains only about prison officials, presumably at his current place of incarceration.  All Defendants probably reside in Florida as Plaintiff is incarcerated at Madison Correctional Institution.  From the face of the complaint it is apparent that this court lacks diversity jurisdiction because Plaintiff alleges that one or more Defendants reside in Florida.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 17, be **DISMISSED** for lack of jurisdiction as there is insufficient diversity of citizenship because Plaintiff and at least some of the Defendants are residents of the same state.

**IN CHAMBERS** at Tallahassee, Florida, on November 10, 2008.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**