IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

THOMAS JOSEPH CUTAIA,

    Plaintiff,

v.                                            CASE NO. 4:08-cv-00329-MP-WCS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

_____/

**O R D E R**

This matter is before the Court on Doc. 20, Report and Recommendation of the Magistrate Judge, which recommends that Plaintiff's Amended Complaint, Doc. 17, be dismissed for lack of jurisdiction. The Magistrate filed the Report on Monday, November 10, 2008. The parties were furnished with copies of the Report and have been given an opportunity to file objections. Plaintiff has filed an objection at Doc. 24. Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

On September 24, 2008, Plaintiff was warned of this Court's limited jurisdiction and ordered to either: (1) file a notice of voluntary dismissal, if he acknowledges that his claim is a state law matter which should more appropriately proceed in state court; or (2) submit an amended complaint clearly and succinctly stating his claims. Doc. 15. Plaintiff elected to file an amended complaint. See Doc. 17. In addition to asserting that this Court has jurisdiction to hear his claim because of the parties' diversity of citizenship, Plaintiff also states in his complaint that the defendants "are all violating the United States Constitution and privacy laws." Doc. 17 at 1. However, Plaintiff did not utilize the civil rights complaint form that, in accordance with the

Magistrate's order at Doc. 15, was mailed to Plaintiff along with a copy of the order. Plaintiff previously refused to use the same form, stating that his complaint alleges a personal injury tort and is not brought pursuant to 42 U.S.C. § 1983. See Doc. 9.

Because there is not complete diversity of citizenship between Plaintiff and all of the defendants in this case, the Magistrate recommends that Plaintiff's complaint be dismissed for lack of jurisdiction. Doc. 20 at 2-3. In his objection, Plaintiff now argues that his "tort claim has United States Constitutional dimensions of the First (1st), Fourth (4th), and Fourteenth (14th) Amendments" and, therefore, his complaint is properly brought under the Court's federal question jurisdiction. Doc. 24 at 1-2. Specifically, Plaintiff argues that "[s]lander and defamation is a 1st Amendment Constitutional Issue, False Light Invasion of Privacy is a 4th Amendment Constitutional Issue and Conspiracy is a violation of [18 U.S.C. § 924]." Id. at 1.

Even if Plaintiff's claim were properly brought under § 1983, Plaintiff's objection is without merit. Mere slander and false light invasion of privacy by a state official, even if committed under color of state law, do not create a cause of action under federal civil rights statutes. See Siegert v. Gilley, 500 U.S. 226, 233, 111 S.Ct. 1789, 1794, 114 L.Ed.2d 277 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."); see also Smith ex rel. Smith v. Siegelman, 322 f.3d 1290, 1296 (11th Cir. 2003) ("To establish a liberty interest sufficient to implicate the fourteenth amendment safeguards, the individual must be not only stigmatized but also stigmatized in connection with a denial of a right or status previously recognized under state law.") (citation omitted); Cypress Ins. Co. V. Clark, 144 f.3d 1435, 1436-37 (11th Cir. 1998) ("This rule, labeled the 'stigma-plus' standard, requires a plaintiff to show that the government official's conduct deprived the plaintiff of a

previously recognized property or liberty interest in addition to damaging the plaintiff's reputation."). Plaintiff has not alleged the deprivation of a liberty interest sufficient to implicate constitutional safeguards. See Doc. 17 at 6, ¶ 8. Finally, there is no private right of action under 18 U.S.C. § 924, a statute which, in any case, is inapplicable to Plaintiff's allegations. Therefore, having considered the Magistrate's Report and the objection thereto, it is hereby

    **ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge, Doc. 17, is ADOPTED and incorporated herein.

2. Plaintiff's Amended Complaint, Doc. 17, is DISMISSED.

3. The Clerk is directed to terminate all pending motions and close the file.

    **DONE AND ORDERED** this   *10th* day of December, 2008

                  *s/Maurice M. Paul*
                Maurice M. Paul, Senior District Judge