IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

THOMAS JOSEPH CUTAIA,

    Plaintiff,

v.                                  CASE NO. 4:08-cv-00329-MP-WCS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

_____/

**O R D E R**

This matter is before the Court on Doc. 44, Plaintiff's motion for leave to proceed *in forma pauperis* on appeal. On December 10, 2008, the Court entered an order (Doc. 25) adopting the Report and Recommendation of the Magistrate Judge (Doc. 20) and dismissing Plaintiff's Amended Complaint (Doc. 17). On January 3, 2008, Plaintiff filed notice that, on December 31, 2008, he filed "a 22 page motion for rehearing / motion in response with 14 pages of exhibits and [two] other motions titled motions to supplement defamatory utterances 1st and 2nd." Doc. 29. However, the Court had received no such filings, and it was not clear what relief, if any, Plaintiff was requesting in his notice. To the extent Plaintiff was requesting any relief, the Court denied Plaintiff's motion. Doc. 30. On January 22, 2009, Plaintiff filed the above-referenced motion for rehearing.[1] The Court construed the motion as a motion for reconsideration and, on February 5, 2009, denied the motion. Doc. 33. Finally, on February 25,

---

[1] The motion is stamped twice as having been provided to prison officials for mailing, once on December 31, 2008, as Plaintiff claimed in his notice of filing, and once on January 22, 2009. In either case, the motion was not timely filed for purposes of Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure, so the time for filing a notice of appeal was not tolled.

2009, Plaintiff filed his Notice of Appeal (Doc. 35).

As an initial matter, the Court notes that Plaintiff's appeal appears to be untimely. It was not filed within sixty days of the judgment, and Plaintiff did not timely file any motion that would extend the time for filing an appeal pursuant to Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure. Also, Plaintiff never filed a motion requesting an extension of time to file a notice of appeal. Therefore, the Court has no jurisdiction to consider Plaintiff's motion. McDaniel v. Wainwright, 404 F.2d 352 (5th Cir. 1968).[2]

Even if the Court had jurisdiction to consider Plaintiff's motion, the Court would deny it. Under 28 U.S.C. § 1915(a)(3), an appeal may not be taken *in forma pauperis* if the Court certifies that it is not taken in good faith. An appeal is taken in good faith if it presents "legal points arguable on their merits (and therefore not frivolous)." Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); see also Busch v. County of Volusia, 189 F.R.D. 687, 692-93 (M.D. Fla. 1999). As set out in the Court's order dismissing Plaintiff's complaint, the Court lacks jurisdiction in this case. Plaintiff can present no argument of merit to call that holding into question. Moreover, Plaintiff's complaint appears to be frivolous. Accordingly, it

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit prior to October 1, 1981.

is hereby

**ORDERED AND ADJUDGED:**

The Court certifies that Plaintiff's appeal is not taken in good faith.  Plaintiff's motion for leave to proceed *in forma pauperis* on appeal (Doc. 44) is DENIED.  The Clerk is directed to forward a copy of this order and an updated docket sheet to the Eleventh Circuit Court of Appeals.

**DONE AND ORDERED** this   *17th* day of April, 2009

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge
